IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Ulises Martinez,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-15-1636-PHX-NVW (BSB)<br><br>**REPORT AND RECOMMENDATION** |

      Juan Ulises Martinez (Petitioner) has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his 2002 conviction in the Maricopa County Superior Court. (Doc. 1.) Respondents assert that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 10.) Alternatively, Respondents argue that Grounds Two and Three are not cognizable on habeas corpus review, and that Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review. (*Id.* at 12-19.) Petitioner has not filed a reply in support of his Petition and the deadline to do so has passed. (*See* Doc. 6 at 3.) As set forth below, the Court recommends that the Petition be denied as untimely and does not reach Respondents' alternative arguments.

/ / /

/ / /

**I.     Factual and Procedural Background**

    **A.     Charges, Trial, and Sentencing**

In June 2001, Petitioner was indicted on one count of second-degree murder, a class one dangerous felony. (Doc. 10, Ex. B.) In January 2002, a jury convicted Petitioner as charged. (Doc. 10, Ex. A.) On January 29, 2002, the trial court sentenced Petitioner to an enhanced sentence of twenty years' imprisonment. (Doc. 10, Ex. C.)

    **B.     Direct Appeal**

Petitioner appealed to the Arizona Court of Appeals and argued that the trial court erred by enhancing his sentence based on a prior conviction for aggravated assault. Petitioner argued that even though he was convicted of that assault before he was convicted of murder, the assault itself occurred two days after the murder. (Doc. 10, Ex. A.) On December 5, 2002, the appellate court rejected Petitioner's claim and affirmed his conviction and sentence. (*Id.*) On April 17, 2003, the Arizona Supreme Court denied Petitioner's petition for review. (Doc. 10, Ex. G.)

    **C.     Post-Conviction Proceedings**

        **1.     First Post-Conviction Proceeding**

On May 8, 2003, Petitioner filed his first notice of post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure and was appointed counsel. (Doc. 10, Exs. J, K.) Counsel filed a notice stating that after review of the record, he could find no colorable claims. (Doc. 10, Ex. K.) Petitioner subsequently filed a *pro se* petition, arguing that the evidence at trial was "misleading." (Doc. 10, Ex. L.) Several months later, appointed counsel filed a second petition, arguing that trial counsel was ineffective for failing to present two witnesses who would have provided an alibi for Petitioner. (Doc. 10, Ex. M.) He provided affidavits from these two witnesses in which they attested to the alleged alibi. (*Id.*)

The trial court held an evidentiary hearing. (Doc. 10, Ex. N.) The two alleged alibi witnesses, Pedro Alberto Ayala (Petitioner's friend) and Octavio Martinez Madero (Petitioner's brother) testified. (*Id.* at 1.) Petitioner and trial counsel Lawrence Blieden

also testified. (*Id.*) The alibi witnesses testified that they were with Petitioner in his apartment at the time of the murder. (*Id.*) Petitioner testified that he repeatedly told trial counsel that he had alibi witnesses, but trial counsel ignored him. (*Id.* at 2.) Trial counsel testified that Petitioner never mentioned the witnesses to him, and these witnesses would have been very helpful because trial counsel was presenting a mistaken identity theory of defense. (*Id.*) Trial counsel further testified that the only alibi witness Petitioner told him about was Veronica Barnes, but when trial counsel contacted her, she denied being with Petitioner on the night of the murder. (*Id.*) The trial court found "the credibility of Mr. Blieden outweigh[ed] that of the defendant and his two alibi witnesses." (*Id.*) The trial court found the testimony of the two alibi witnesses and Petitioner "highly unlikely," and denied relief on October 19, 2004. (*Id.* at 2-3.) Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 10, Ex. H.)

### 2. Second Post-Conviction Proceeding

On July 18, 2005, Petitioner filed a second notice of post-conviction relief. (Doc. 10, Ex. O.) He cited Rule 32.1(g), which allows for relief when there has been a significant change in the law, but he did not identify any significant change in the law and did not raise any claims. (*Id.*) The trial court summarily dismissed the proceeding on August 1, 2005. (Doc. 10, Ex. P.) Petitioner did not seek review of that ruling. (Doc. 10, Ex. H.)

### 3. Third Post-Conviction Proceeding

Almost eight years later, on July 1, 2013, Petitioner filed a third notice of post-conviction relief. (Doc. 10, Ex. Q.) He argued that there was new evidence of his innocence, including the victim's toxicology report and a Facebook post, which he characterized as indicating that another person claimed responsibility for the murder. (*Id.*) Petitioner further argued that the Arizona Court of Appeals' decision in *State v. Fish*, 213 P.3d 258 (Ariz. Ct. App. 2009), was a significant change in the law that entitled him to relief. (*Id.*) The trial court dismissed the notice of post-conviction relief as untimely because Petitioner failed to state a claim on which relief could be granted in an

1 untimely Rule 32 proceeding. (*Id.*) Petitioner sought review in the Arizona Court of Appeals. (Doc. 10, Ex. F.) Petitioner asserted that trial counsel was ineffective for failing to present the victim's toxicology report as evidence that Petitioner had shot the victim in self-defense. (*Id.*) The appellate court granted review, but denied relief. (*Id.*) The appellate court noted that Petitioner's sole defense at trial was mistaken identity. Therefore, trial counsel's failure to present evidence of self-defense, which was inconsistent with a mistaken identity defense, was not ineffective. (*Id.*)

### D. Petition for Writ of Habeas Corpus

On August 17, 2015, petition filed a petition for writ of habeas corpus in this Court raising the following claims: (1) trial counsel was ineffective in violation of the Sixth Amendment for failing to present favorable witness testimony (Ground One); (2) the prosecutor engaged in misconduct in violation of the Due Process Clause, and trial counsel was ineffective, because they both failed to investigate the testimony of Francisco Hernandez (Ground Two); (3) the prosecutor engaged in misconduct in violation of the Due Process Clause, and trial counsel was ineffective, because witness Lourdes Rodriguez Hernandez was not "read the admonition" before she testified; and (4) the *Dessuralt* hearing violated the Fifth Amendment (Ground Four). (Doc. 1 at 6-9.)

Respondents argue that the petition is untimely, Grounds Two and Three are not cognizable on federal habeas corpus review, and that Petitioner's claims are procedurally defaulted. (Doc. 10 at 2.) As set forth below, the Court finds the petition untimely and does not reach Respondents' alternative arguments.

## II. The AEDPA Statute of Limitations

### A. Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, under certain circumstances, the statute of

limitations commences on a different date including, "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed," "the date on which the constitutional right asserted was initially recognized by the Supreme Court," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D). Liberally construing the petition, Petitioner may be arguing that § 2244(d)(1)(D) applies because he states that "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," but trial counsel was not diligent.[1] (Doc. 1 at 11.) Petitioner, however, does not identify the date upon which he discovered the facts supporting his claims, identify the facts that he allegedly discovered, or identify the claim in the petition to which the facts pertain. (Doc. 1 at 11.) Petitioner's reference to § 2244(d)(1)(D) without further explanation is insufficient to show that § 2244(d)(1)(D) applies. Thus, the statute of limitations commenced on the date Petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A).[2]

To assess the timeliness of the Petition, the Court determines the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). After his trial and sentencing, Petitioner pursued direct review in the Arizona Court of Appeals and the Arizona Supreme Court. (Doc. 10, Ex. A.) The Arizona Supreme Court denied review on April 17, 2003. (Doc. 11, Ex. G.) Accordingly, Petitioner's conviction became final ninety days later, on July 17, 2003, upon the expiration of the time for Petitioner to file a petition for writ of certiorari in the United States Supreme Court. *See Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir.

---

[1] Petitioner cites 28 U.S.C. § 2255(f)(4). (Doc. 1 at 11.) Section 2255(f)(4) is the counterpart to § 2244(d)(1)(A) that applies to petitions by federal prisoners. Courts have interpreted the statute of limitation provisions of §§ 2244 and 2255 as being consistent. *See Lackawana Cty Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001) (O'Connor, J.) (plurality opinion).

[2] The Petition does not contain any allegations indicating that 28 U.S.C. § 2244(d)(1)(B) or (C) apply.

- 5 -

2010) (stating that "[w]hen, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court."); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (the time for seeking direct review under § 2244(d)(1)(A) "includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); *see also* Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court with ninety days after entry of the judgment). Therefore, the one-year limitations period commenced the next day, July 18, 2003, and absent tolling, expired in July 2004. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

### B.     Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

On May 8, 2003, Petitioner filed his first notice of post-conviction relief, which commenced his first post-conviction proceeding. (Doc. 10, Ex. J.) Therefore, the limitations period, which commenced on July 18, 2003, was immediately tolled by the earlier-filed application for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Isley v. Ariz. Dep't of Corrs.*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) (in Arizona, statutory tolling begins when a Rule 32 notice of post-conviction relief is properly filed). The statute of limitations remained tolled while this post-conviction proceeding was pending

in state court. *See* 28 U.S.C. § 2244(d)(2). On October 19, 2004, the trial court dismissed the post-conviction proceeding. (Doc. 10, Ex. N.) Petitioner did not seek review in the appellate court. Accordingly, the statute of limitations began running on October 20, 2004, and continued running until Petitioner filed his second notice of post-conviction relief on July 18, 2005, a total of 271 days. (Doc. 10, Ex. O); *see Hemmerle v. Schriro*, 495 F.3d 1069, 1074-75 (9th Cir. 2007) (stating that the petitioner's notice of post-conviction relief tolled the AEDPA limitation period only up to the date that the trial court summarily dismissed the post-conviction action for petitioner's failure to timely file a petition for review). The statute of limitations was tolled until the state court dismissed the second notice of post-conviction relief on August 1, 2005. (Doc. 10, Ex. P.) The one-year limitations began running again on August 2, 2005, and expired 94 days later, on November 4, 2005.

On July 1, 2013, Petitioner commenced a third post-conviction proceeding. (Doc. 10, Ex. Q.) However, because it was commenced after the limitations period had expired, that application for post-conviction relief could not toll the already expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."). Therefore, the statute of limitations expired on November 4, 2005. Because the petition was not filed until August 17, 2015, it is untimely unless Petitioner establishes that equitable tolling applies.

### C.     Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden of showing that this extraordinary circumstance was the "cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)

(citations omitted). When a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas petition, equitable tolling is not warranted. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (2005). The petitioner must also show that his untimeliness was caused by an external impediment and not by his own lack of diligence. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (concluding that equitable tolling was not warranted when petitioner was not diligent because he did not seek state court relief for six years, or take advantage of available paralegal assistance). Petitioner argues that equitable tolling applies because trial counsel was not diligent, Petitioner does not speak English, and he does not understand the law. (Doc. 1 at 11.) As discussed below, these circumstances do not warrant equitable tolling.

Petitioner asserts that trial counsel was not diligent because he did not discuss possible defenses, did not investigate, provided an "unaffirmative defense," and did not act in Petitioner's best interest. (*Id.*) These allegations related to trial counsel's conduct do not explain why Petitioner was unable to file a timely petition for writ of habeas corpus in this Court. Accordingly, Petitioner has not shown that trial counsel's alleged conduct is an extraordinary circumstance warranting equitable tolling. *See Pace,* 544 U.S. at 418.

Petitioner also states that he does not speak English. (Doc. 1 at 6-8.) Petitioner does not provide further detail or explain why his inability to speak English prevented him from filing a timely habeas corpus petition in this Court. "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source. *Mendoza v. Carey,* 449 F.3d 1065, 1070 (9th Cir. 2006). Petitioner does not provide any details regarding his efforts to obtain legal materials in his language. However, he states that inmates helped him during post-conviction proceedings. (Doc. 1 at 6-8.) Additionally, the record reflects that Petitioner was able to

file a state petition for post-conviction relief while the AEDPA statute of limitations was running. (Doc. 10, Ex. O.) The Court finds that Petitioner's allegation that he does not speak English is inadequate to establish that it was an extraordinary circumstance beyond his control sufficient to entitle him to equitable tolling. *See Mendoza*, 449 F.3d at 1070.

Petitioner also asserts that he does not understand the law. (Doc. 1 at 6-8.) Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling).

As set forth above, Petitioner has not established that an extraordinary circumstance prevented him from filing a timely petition for writ of habeas corpus in this Court. Moreover, even if an extraordinary circumstance existed, Petitioner is not entitled to equitable tolling because he has not shown that he has been diligently pursuing his rights. *See Pace,* 544 U.S. at 418. Petitioner's first post-conviction proceeding was commenced in a timely manner. However, after the court dismissed that proceeding, Petitioner waited almost a year before initiating a second post-conviction proceeding, and

then waited almost eight years after the conclusion of that proceeding before filing a third notice of post-conviction relief.  (Doc. 10, Exs. J, O, Q.)  Petitioner then waited nearly five months after the conclusion of his third post-conviction proceeding before seeking relief in this Court.  (Doc. 1.)  Considering the length of time between Petitioner's post-conviction proceedings, and the additional time between his last post-conviction proceeding and the filing of the pending habeas petition, Petitioner is not entitled to equitable tolling.  *See Pace*, 544 U.S. at 419 (concluding that a petitioner was not entitled to equitable tolling when he "waited years, without any valid justification, to assert" his claims in state court and then waited "five more months" after proceedings finished in state court before seeking relief in federal court).

Petitioner's petition is untimely by more than nine years.  Equitable tolling is not warranted because no extraordinary circumstance prevented Petitioner from filing a timely petition in this Court and he has not been diligently pursuing his rights.  Accordingly, the petition should be dismissed as untimely.

### III.   Conclusion

Because Petitioner filed his Petition for Writ of Habeas Corpus after the expiration of the AEDPA statute of limitations and equitable tolling does not apply to excuse the untimely filing, it should be dismissed as untimely.  Therefore, the Court does not consider Respondents' alternative arguments for denying habeas corpus relief.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal

Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 6th day of January, 2016.

Bridget S. Bade
United States Magistrate Judge